```
 1  TERRY A. DAKE, LTD.
    11811 North Tatum Boulevard
 2  Suite 3031
    Phoenix, Arizona  85028-1621
 3  Telephone: (602) 710-1005
    tdake@cox.net
 4
    Terry A. Dake - 009656
 5
    Attorney for Trustee
 6
```

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| JULIE BELLE KAYE; | ) | Case No. 3:14-BK-14663-DPC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**OBJECTION TO EXEMPTION
AND NOTICE OF BAR DATE**

      The trustee objects to the debtor's asserted exemption in "Settlement Structure from a Car Accident" with an unknown value. The trustee's objection is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

      DATED December 3, 2014.

                         *TERRY A. DAKE, LTD.*

                         By /s/ TD009656
                           Terry A. Dake
                           11811 North Tatum Boulevard
                           Suite 3031
                           Phoenix, Arizona  85028-1621
                           Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

      The debtor's Schedule C asserts an exemption in "Settlement Structure from a Car Accident" with an unknown value. The debtor relies on A.R.S. §33-1126(a)(4). The trustee objects to this exemption.

The statute relied upon by the debtor provides the following exemption:

> 4. All money, proceeds or benefits of any kind to be paid in a lump sum or to be rendered on a periodic or installment basis to the insured or any beneficiary under any policy of health, accident or disability insurance or any similar plan or program of benefits in use by any employer, except for premiums payable on the policy or debt of the insured secured by a pledge, and except for collection of any debt or obligation for which the insured or beneficiary has been paid under the plan or policy and except for payment of amounts ordered for support of a person from proceeds and benefits furnished in lieu of earnings that would have been subject to that order and subject to any exemption applicable to earnings so replaced.

The "structured settlement" is, in reality, an annuity. There is nothing to indicate that the annuity is the benefits or proceeds of an insurance policy "or any similar plan" "in use by any employer". Rather, as the debtor's Schedules B and C admit, this is a settlement from a car accident. Thus, it is clear that the asserted exemption does not extend to this asset.

Even if the money to fund the annuity was paid by the insurer of the party at fault in the accident, the debtor was neither the

2

"insured" nor the "beneficiary" under that insurance policy, and the insurance policy was not a plan or program of benefits issued by the debtor's employer. Thus, even if the annuity is funded by an insurance company, it is not exempt under this statute.

To date, the trustee has not been provided with the underlying documentation for this asset. The trustee reserves all objections to this assets and the right to amend this objection when the documents have been produced by the debtor.

**WHEREFORE,** the trustee prays for the entry of an order denying the asserted exemption in the "Settlement Structure from a Car Accident" with an unknown value and ordering the turn over of this asset to the trustee.

DATED December 3, 2014.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
   Terry A. Dake
   11811 North Tatum Boulevard
   Suite 3031
   Phoenix, Arizona  85028-1621
   Attorney for Trustee

**NOTICE OF OBJECTION TO CLAIMED EXEMPTIONS**

The trustee has filed the above objection to the exemptions claimed by the debtor.

<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to sustain the trustee's objection to the claimed exemptions and disallow them or if you want the court to consider your views on the trustee's objection, then on or before **December 26, 2014** you or your attorney must file with the Court a written response requesting a hearing on the trustee's objection.

3

|   |   |
|---|---|
| 1 | **FILE YOUR OBJECTION AT:** |
| 2 | Clerk |
|   | United States Bankruptcy Court |
| 3 | 230 N. First Avenue |
|   | Ste. 101 |
| 4 | Phoenix, AZ 85003-1706 |

If you mail your response to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to the attorney for the trustee at:

> Terry A. Dake, Esq.
> ***Terry A. Dake, Ltd.***
> 11811 North Tatum Boulevard
> Suite 3031
> Phoenix, Arizona 85023-1621

If you or your attorney do not take these steps, the Court may decide that you do not oppose the trustee's objection and may enter an order that sustains the trustee's objection and disallows those exemptions to which the trustee has objected.

COPY e-mailed & mailed December 3, 2014 to:

KIRK 5 GUINN
GUINN LAW GROUP PLC
3707 E SOUTHERN #1070
MESA, AZ 85206
602-314-7873
Fax : 602-314-7873
Email: ch7notices@guinnlawgroup.com

JULIE BELLE KAYE
660 BEACH AVE
PRESCOTT, AZ 86303

 /s/ TD009656