*TERRY A. DAKE, LTD.*
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| JULIE BELLE KAYE; | ) | Case No. 3:14-BK-14663-DPC |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO DEBTORS' MOTION TO CONVERT**

The trustee objects to the debtor's motion to convert this voluntary Chapter 7 case to Chapter 13. Admin. Docket Nos. 29, 32. The trustee's objection is more fully set forth in and is supported by the following Memorandum Of Points and Authorities.

DATED December 11, 2014.

*TERRY A. DAKE, LTD.*

By  /s/ TD009656
    Terry A. Dake – 009656
    11811 North Tatum Boulevard
    Suite 3031
    Phoenix, Arizona 85028-1621
    Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

In this voluntary Chapter 7 case, the debtor has a non-exempt structured settlement which pays her $2,648.00 per month. While the debtor attempted to exempt this asset, the trustee has objected. Admin. Dkt. No. 23. The debtor now seeks to convert to avoid losing

this asset. The debtor claims that she wants to pay 100% of her unsecured debt instead of discharging them as she previously proposed.

As set forth in the debtor's Schedules I and J, Admin. Dkt. No. 1, the debtor's net monthly income is in the red at $194.97 per month. Moreover, the debts listed on Schedule F total $87,153.67. Thus, even if she committed 100% of the monthly settlement payments to her plan, it would take her over 36 months to pay all the debts in full including the 10% fee of the Chapter 13 trustee. But, as the debtor's motion admits, she uses these same funds to pay her living expenses. Thus, she will be committing only a portion of the non-exempt funds to the payment of her debts. If the debtor proposed a 100% plan within the allowable 60 months, she would have to commit not less than $1,597.81 per month to the plan. Her Schedules I & J reflect that she cannot afford to do so.

The annuity documents reflect that, as recently as 2006, the debtor received an additional lump sum payment of $180,000.00 in addition to the monthly payments she receives. Yet, the debtor's Schedule F reflects that she has unpaid debts dating back to that time. Clearly, this debtor is unable to manage her financial affairs.

The debtor's plea to this Court is that she has "no other source of income". Yet, her Schedules B and I reflect that she is a co-owner of a Prescott skin care clinic. Furthermore, she owns two residences. See, Schedule A. While she lives in one, there is no indication in the Schedules that the second is rented.

The right to convert from Chapter 7 to Chapter 13 is no longer considered to be "absolute". Rather, it is limited by the debtors' "bad

2

faith". <u>Marrama v. Citizen's Bank of Massachusetts</u>, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

As noted above, the debtor does not have the ability to pay a 100% plan as she proposes, and she is unlikely succeed with any plan. The fundamental pre-requisite for Chapter 13 is the availability of excess disposable income with which to fund a plan. Converting this case to Chapter 13, where the debtor lacks this fundamental element of Chapter 13 eligibility, is prejudicial to creditors. Rather, the debtor will simply continue to do what she has been doing - collect and spend the payments from the structured settlement and ignore her creditors.

This is the debtor's fourth bankruptcy case. See, 2:01-BK-05272-RTBP, 2:01-00131-RTBP and 2:02-BK-00131-RTBP. While the debtor has been able acquire two parcels of real estate, See Schedule A at Admin. Dkt. No. 1, she is chronically unable to pay her unsecured debts. The current crop of creditors is entitled to be paid and should not have to wait years and years while the debtor dissipates this non-exempt asset.

**WHEREFORE**, the trustee prays for the entry of an order denying the debtors' motion to convert to Chapter 13.

Dated December 11, 2014.

*TERRY A. DAKE, LTD.*

By  /s/ TD009656
  Terry A. Dake
  11811 North Tatum Boulevard
  Suite 3031
  Phoenix, Arizona 85028-1621

3

Copy e-mailed December 11, 2014 to:

KIRK 5 GUINN
GUINN LAW GROUP PLC
3707 E SOUTHERN #1070
MESA, AZ 85206
602-314-7873
Fax : 602-314-7873
Email: ch7notices@guinnlawgroup.com

   /s/ TD009656

4