Philip J. Giles (SBN 030340)
PGiles@piteduncan.com
David E. McAllister (SBN 021551)
dmcallister@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE FOR THE
BENEFIT OF THE CERTIFICATEHOLDERS OF
THE CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-9

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA - PRESCOTT DIVISION

| | |
|---|---|
| In re<br><br>JULIE BELLE KAYE,<br><br>Debtor. | Case No. 3:14-bk-14663-DPC<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Julie Belle Kaye (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 7 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

/./.

/./.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

## I. INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full and the Plan lacks feasibility. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

## II. STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor and dated April 20, 2007, in the original principal sum of $227,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 7 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 660 Beach Avenue, Prescott, Arizona 86303-3608 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 7 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 7.

4. The beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached to Creditor's proof of claim no. 7 as filed in the instant bankruptcy case and incorporated herein by reference.

5. On September 24, 2014, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Arizona, Prescott Division, and was assigned case number 3:14-bk-14663-DPC.

6. On January 21, 2015 the Debtor filed her Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $1,677.00, for sixty (60) months. However, the Debtor's Plan fails to provide for Creditor's secured pre-petition arrears claim.

/././

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

7. On January 21, 2015 the Debtor filed Amended Schedules I and J reflecting disposable income in the amount of $1,665.03 per month. See Docket No. 47. However, the Debtor proposes to apply $1,677.00 per month to the Chapter 13 Plan, resulting in Plan payments which are $11.97 more than the Debtor's monthly disposable income.

8. On May 19, 2015, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $114,198.32, and a pre-petition arrearage claim of $1,203.09. See CCR, Claim No. 7.

### III. ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $1,203.09. See CCR, Claim No. 7. However, the Debtor's Chapter

- 3 -  CASE NO. 3:14-bk-14663-DPC
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
Case 3:14-bk-14663-DPC   Doc 75   Filed 05/20/15   Entered 05/20/15 07:48:07   Desc
Main Document   Page 3 of 5

13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. ' 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

### 2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $1,203.09 in pre-petition arrears. Debtor will have to increase her monthly payment through the Chapter 13 Plan to Creditor to approximately $20.05 in order to cure Creditor's pre-petition arrears over a period not to exceed sixty months. As the Debtor's Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

### 3. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible.

11 U.S.C. ' 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has not provided sufficient evidence that her Chapter 13 Plan is feasible. Debtor's Schedule J indicates that the Debtor has disposable income of $1,665.05 per month. However, the Debtor will be required to apply an additional $32.00 monthly to the Chapter 13 Plan in order to pay the proposed Plan payment of $1,677.00 and provide for a prompt cure of the pre-petition arrears owed to Creditor in sixty months as required by 11 U.S.C. section 1322(b)(5). As the monthly plan payment sufficient to cure Creditor's pre-petition arrears exceeds the Debtor's monthly disposable income, the Debtor lacks sufficient monthly disposable income with which to fund the Plan. Accordingly, Debtor's Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

/././

/././

/./.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty months; and

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 19, 2015         PITE DUNCAN, LLP

By: */s/ Philip Giles*
PHILIP J. GILES (SBN 030340)
Attorneys for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9