Andrew M. Dudley (#025005)
101 N. First Ave., Ste. 1775
Phoenix, Arizona 85003
Telephone: (602) 277-3776 Fax: (602) 277-4103
Email: andrewd@maney13trustee.com
Attorney for Edward J. Maney, Chapter 13 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| JULIE B. KAYE, | Case No. 3:14-bk-14663-DPC |
| | **CHAPTER 13 TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 AND WAIVE CONVERSION FEE** |
| | **Hearing Date: tbd**<br>**Hearing Time: tbd** |
| Debtor. | |

Edward J. Maney, Chapter 13 Trustee, by and through counsel undersigned, respectfully requests that this Court issue an Order **RECONVERTING** this case to Chapter 7 pursuant to 11 U.S.C. §1307(c) and **WAIVING** the $25.00 conversion fee. This Motion and Request is based on the following Memorandum of Points and Authorities.

Dated: [see signature block]

_____
Andrew M. Dudley, Staff Attorney
Edward J. Maney, Trustee

: : : :

: : : :

: : : :

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court may convert a case under Chapter 13 to one under Chapter 7 for cause pursuant to 11 U.S.C. §1307(c). The Trustee requests that this case be reconverted to one under Chapter 7 and that the $25.00 conversion fee be waived because:

    a.    The Debtor's plan payments are $13,416.00 delinquent;

    b.    The Debtor has substantial non-exempt assets which could be liquidated for the benefit of creditors;

    c.    Conversion to Chapter 7 is in the best interests of the creditors and the estate; and

    d.    The Trustee does not have sufficient funds on hand to pay the required conversion fee.

## I.    FACTS

The Debtor s originally filed for relief under Chapter 7 on September 24, 2014. The Debtor filed a Motion to Convert to Chapter 13 on December 9, 2014 (docket #29). Because the Motion had not been properly noticed out, the Chapter 7 Trustee objected to the lodged order converting the case. This Court held a hearing on December 15, 2014, at which Debtor advised the Court regarding a structured settlement and her ability to fund a Chapter 13 plan. Without granting the Debtor's Motion, the Court continued the hearing to January 21, 2015 to determine if the Debtor could propose a plan and provide some proof that Debtor had sufficient disposable income to make plan payments. The Court noted that if the Chapter 13 plan did not succeed, "the correct course of action will be to convert the case back to a Chapter 7" rather than dismissal of the case, to which Debtor's counsel agreed (Minute Entry, docket #35).

Debtor subsequently filed a Chapter 13 plan (docket #46) and Amended Schedules I and J (docket #47) on January 21, 2015. This Court granted the Debtor's Motion and converted the case to one under Chapter 13 on January 30, 2015 (docket #53).

Debtor's Chapter 13 Plan was confirmed on June 15, 2015 (docket #84). Pursuant to the confirmed Plan, Debtor was required to make payments of $1,677.00 per month for 60 months, with the first payment coming due March 1, 2015. As of the date of this Motion, the Debtor has made a total of two payments of $1,677.00, totaling $3,354.00. The Trustee has disbursed the entire amount received to Debtor's counsel ($1,254.79), the former Chapter 7 Trustee ($276.79), the

2

Chapter 7 Trustee's counsel ($1,705.04) and the Trustee's statutory fees ($117.38). The Trustee has $0.00 on hand. Debtor's plan payments are now $13,416.00 delinquent.

## II. ARGUMENT

### A. Conversion to Chapter 7 is appropriate under 11 U.S.C. §1307(c)(6).

Pursuant to 11 U.S.C. §1307(c), this Court may dismiss or convert a case to one under Chapter 7 for cause, whichever is in the best interests of creditors and the estate. "For cause" in this subsection includes (but is not limited to) a debtor's material default with respect to a term of the confirmed plan. 11 U.S.C. §1307(c)(6). Here, the Debtor was required to make monthly plan payments of $1,677.00 to the Trustee, beginning in March, 2015. The Trustee received payments from the Debtor on February 19, 2015 and March 18, 2015. The Trustee has not received any further plan payments from the Debtor. The Debtor is subject to dismissal for her material default in the payment terms of her confirmed Plan. However, rather than dismissing this case, the Chapter 13 Trustee seeks to reconvert the case to one under Chapter 7 as the Debtor has substantial non-exempt property, specifically a "Settlement Structure from a Car Accident" which can liquidated for the benefit of creditors (*See* Order Sustaining Trustee's Objection to Property Claimed as Exempt, docket #82). This Court may reconvert this case to one under Chapter 7 pursuant to 11 U.S.C. §1307(c)(6). The Chapter 7 Trustee should be given the opportunity to seek any non-exempt assets available to pay creditors of this estate.

## III. CONCLUSION

The Debtor in this case is now subject to dismissal for her failure to comply with the terms of her confirmed Chapter 13 Plan. Rather than dismissing the case, it is in the best interests of the creditors and the estate that this case be converted to one under Chapter 7, as there are substantial nonexempt assets which could be collected for the benefit of creditors. In addition, because the Trustee has no funds on hand, this Court should waive the required $25.00 conversion fee.

Dated: [see digital signature]

_____
Andrew M. Dudley, Staff Attorney
Edward J. Maney, Trustee

: : : :

3

1    Copy of the foregoing mailed on [see digital signature] to:

2    KIRK A, GUINN, ESQ.
     3707 E SOUTHERN AVE STE 1070
3    MESA AZ 85206
     Attorney for Debtor
4
     TERRY A. DAKE, ESQ.
5    20 E THOMAS RD STE 2200
     PHOENIX AZ 85012-3133
6    Attorney for Chapter 7 Trustee William E. Pierce

7

8

9    By:_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4